Parker, C. J.,
delivered 'the opinion of the Court (5). It is remarkable that the point presented in this case has not been before decided; especially as we understand that a different practice has prevailed in different counties, in relation to this subject.
[ * 311 ] * The rule adopted by the Court of Chancery in England, and enforced by the commissioners of bankruptcy, is certainly just and equitable ; requiring that every creditor, having a mortgage or other security, shall, before he is admitted to prove his debt, surrender his security for t.he benefit of the other creditors, the proceeds of the sale going into the common fund; or shall suffer the pledge to be sold, taking the proceeds towards his debt, and proving under the commission for the residue. If it were not so, the equality, intended to be produced by the bankrupt laws, would be grossly violated, and the creditor holding the pledge would, in fact, have a greater security than that pledge was intended to give him. For originally it'would have been security only for a proportion of the debt equal to its value; whereas by proving the whole debt, and holding the pledge for the balance, it becomes security for as much more than its value, as is the dividend, which may be received upon the whole debt.
This rule was adopted in England on account of its reasonableness, and because consistent with the nature of the contract. For the property pledged is in fact security for no more of the debt, than *259 ts value will amount to; and for all the rest, the creditor relies upon the personal credit of his debtor, in the same manner he would for the whole, if no security were taken. The same rule would undoubtedly be applied in England to cases of insolvent estates, when the debtor has deceased, if any mode of settlement and dis tribution of such insolvent estates existed there.
There seems to be no good reason, why the same rule should not be applied to the settlement of the estates of deceased insolvent debtors in this commonwealth. For the statute which provides for the distribution of these among creditors, requires an equal pro ~ata distribution (6); and it never could have been intended by the legislature, that a creditor, having security, should have any advantage, beyond the actual value of the property secured. If * the creditor had taken possession of the mortgaged [*312 ] premises, and foreclosed the mortgage, he would have a right to consider the estate as payment of the debt pro tanto, according to its value, and file his claim before the commissioners for the balance, as has been settled in several cases.
Now, although it does not appear in the case before us, that the mortgagee has entered for condition broken, yet he insists upon holding Ins mortgage, and it ought to be presumed that he means to enter and hold the estate; so that no injustice will be done to him by considering it as payment according to its value. For he will either hold the estate discharged of the condition, or will receive his whole debt with interest, if the administrator should deem it for the interest of the creditors to redeem. For, notwithstanding the debt may much exceed the value of the pledge, the administrator cannot redeem without paying the whole debt
If there is any difficulty in applying this rule here, it arises from the want of a compulsory power to sell the mortgaged property, as would be done before commissioners of bankrupt in England. This, however, may be done by consent; the administrator applying to this Court for leave to join in the sale, and to execute a release of the right of redemption. If the parties should not consent, the commissioners might estimate the value of the mortgaged estate, and deduct so much from the creditor’s claim, leaving him to his right under the mortgage; and either he or the administrator, if dissatisfied, may take measures to have the estimate corrected by a iury on a trial at law; and both of them will be bound by the issue.
It may be inconvenient to the creditor to have the estate forced upon him at a certain price ; for the property may fall in value, and then he will have his dividend upon a smaller portion of the debt *260 than he ought; less in fact being paid by the mortgaged premises, than was supposed at the time he was admitted to prove [ * 313 ] his claim. Whereas, * if the property rises in value, it may be taken out of his hands by redemption. The subsisting equity of redemption may also affect the value of his mortgage, or a present sale of it, from the uncertainty whether the title would remain in the mortgagee or his assignee.
But the creditor may waive all these inconveniences, by agreeing to sell; and he may be the purchaser if he pleases, in which case he will be the absolute owner; for the administrator must release the equity of redemption. Because, although the Court may not have a direct power to compel the administrator to sell the equity of redemption, yet if he were to refuse, the mortgagee being desirous of selling, the consequence might be, that the creditor would be let in to prove his whole debt; in which case the administrator must answer upon his bond, for a mismanagement in the nature of waste, whereby the funds for the payment of the debts of the estate were diminished. Further, commissioners, arbitrators, or a jury, would be likely to fix the value of the mortgaged property at any sum, at which the creditor himself would place it, if the administrator should refuse to join in a sale; for his refusal, under such circumstances, would be the highest evidence that nothing was expected from the sale.
When speaking of a sale by the administrator, we do not mean to convey the idea that he can pass a title, without first having obtained leave from some court authorized to license the sale of real estate of persons deceased, for the payment of their debts ; unless it be an estate less than freehold, which may always be sold by the administrator without such license.
If the creditor should not be disposed to sell his mortgage, he must submit to the' inconveniences which belong to the nature of his estate. He can, however, limit them in point of time, by entering to foreclose; and it will seldom happen that he will be disturbed by a redemption, as that cannot take place without a full payment of the whole debt due to him.
[ * 314 ] * If, in the case before us, there should be a consent to sell, the administrator will join in the sale, and execute a release of the right of redemption ; otherwise the value of the mortgaged property may be ascertained by the jury, or by an appraisement made by consent of parties.

 Judge Jackson did not sit in the hearing or decision of this cause, from his relation to some party interested in the suit.

 Stat. 1784, c. 1.