The opinion of the Court was delivered at the November term following, by
Parker C. J.
[After stating the pleadings he proceeded : ] No authorities have been cited to show that the general allegation in the replication is not sufficient to avoid the plea of the statute of limitations, and we do not find that a particular averment of the time when the fraud was discovered, or of any act of the party by which the knowledge of it was prevented, is necessary. In the case of First Mass. Turnp. Corp. v. Field, 3 Mass. Rep. 201, the replication to the statute was like the one before us, and no objection taken ; and the principle is admitted, both at law and equity, that when the statute is pleaded to an action founded on fraud, a replication which avers an ignorance of the fraud until within six years is sufficient.[1] And *446 the ignorance so averred is traversable, and may be proved or disproved like other traversable matters. It is like a replication of absence beyond seas, in "which it is not necessary to aver the time when the disability ceased, but it is sufficient generally to aver that he did not come within the state until within six years before the suit was commenced ; for though a day is alleged with a scilicet, it is not material or traversable, but any day within the six years is sufficient to maintain the plea.[1]
The third plea in bar offers a question of more difficulty, and to this the attention of the counsel on the argument was principally turned. It states, indeed, what is alleged in the declaration, viz. that an action on the policy had been commenced in a court having competent jurisdiction, and a judgment recovered by the present defendants in that action ; and the answer to this, in the replication, is, that the policy wa« obtained by fraud, which fraud was not discovered until three years after the judgment rendered ; by which allegation it is intended to avoid the effect which the statute right of petitioning for a review might have upon the question. The issue in law joined upon this replication presents the general question, whether the judgment rendered in the action upon the policy does not conclusively shut out all inquiry into the merits of that judgment, on the ground that the matter now alleged as the foundation of this action, was proper matter of defence in that action, and would have defeated the action if it had been set up and maintained ; and whether the ignorance of the facts constituting such a defence until after the judgment was recovered will enable the plaintiff to recover back the money which by means of that judgment was obtained from him.
It certainly is a principle admitted by all courts in the ab *447 gtract, that a matter of controversy, which has been inquired into and settled by- a court having jurisdiction of the subject, cannot be drawn into question again, in another suit between the same parties, for the purpose of defeating or avoiding the effects of a judgment of the court to which it has been submitted It is so laid down in express terms by all the judges, in the case of Philips v. Hunter, 2 H. Bl. 415. And even in the case of Moses v. Macferlan, 2 Burr. 1008, in which it has been supposed by some that the principle was violated, Lord Mansfield says, “ It is most clear, that the merits of a judgment can never be overhauled by an original suit, either at law or in equity. Till the judgment is set aside, or reversed, it is conclusive, as to the subject matter of it, to all intents and purposes.”
And Lord Redesdale, in Bateman v. Willoe, 1 Sch. & Lefr. 204, enforces the same principle as a rule in chancery, in very strong language. He says, “ it is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize the court to interfere ; because, if a matter has already been investigated in a court of justice, according to common and ordinary rules of investigation, a court of equity cannot take on itself to enter into it again. Rules are established, some by the legislature, some by the courts themselves, for the purpose of putting an end to litigation, and it is more important that an end be put to litigation, than that justice should be done in every case.”' And in this doctrine agrees Chancellor Kent, of New York, in the case of Smith v. Lowry, 1 Johns. Ch. Rep. 322.
Common law courts have held the same doctrine as in Smith v. Lewis, 3 Johns. Rep. 157 ; Peck v. Woodbridge, 3 Day, 36 ; Mariott v. Hampton, 7 D. & E. 269. The court in Connecticut, in the case reported by Day, say, that “ It is a principle of the common law, that a man cannot collaterally mpeach, or call m question, a judgment of a court of lawT, or decree in equity, to which he is a party. It can only be done directly, by writ of error, petition for new trial, or bill in chancery.” The same principle has been recognized by this Court in the cases, Homes v. Aery, 12 Mass. Rep. 137 ; Thatcher v. Gammon, 12 Mass. Rep. 268 ; Rowe v. Smith, *448 16 Mass. Rep. 308; Loring v. Mansfield, 17 Mass. Rep 394.
This concurrence of courts of equity and of common law in a principle so essential in the administration of justice ought to put the general question for ever at rest.
The only plausible ground upon which the present case can be put for the plaintiff is, that the matter of fraud, which is the gravamen in the present action, did not come in question in the trial upon the policy ; but the rule will not admit of an exception like this ; if it did, the rule itself would be nugatory, for in all the cases above cited the particular matter which was the ground of the new suit was not investigated. It is sufficient that the action was of a nature to admit of such a defence, and that the plaintiff in the new suit might have availed himself of the same subject matter in the former one. Where the failure is imputable to loches there can be no question ; and where it is the effect of ignorance of the facts, there must be a period within which the party suffering shall be held to present his claim, or great mischief may ensue.
Provision being made by statute for a review of judgments within a time thought reasonable by the legislature, it must be supposed that a limitation was intended to the right of parties to complain of wrong done them by such judgments ; and it is certainly necessary for the public good, that such limitation should exist; for otherwise, what is intended by the law to be the end of a controversy may be only the beginning of it, and those who are reposing in security under a successful issue of a cause, may be disturbed long after the testimony is lost upon which it rested.
I do not find any case reported in which the merits of a decided cause have been allowed to be reexamined in another independent action. The only one cited, which has a bearing that way, is found in 2 Dow, 314 ; and I think from an examination of that case it will appear, that the case in the House of Lords was but a continuation of a process which had been instituted in a Scottish court. In the last stage a decision which had before taken place was reversed, but the first judgment was only interlocutory ; certainly the cause was not concluded there. One of the counsel said that the plea of competent and *449 omitted did not apply, as the cause was still in Court, and a competent defence, though omitted at the proper stage, might be taken into consideration, if made at any time during the same process. This statement was not denied, and if it was true, the case does not by any means show that a judgment of another court having jurisdiction was inquired into in opposition to the general principle.
The case of Smith v. Lewis, 3 Johns. Rep. 157, is very strong. The plaintiff complained, that the defendant had suborned a witness to swear falsely, in a case in which the defendant had sued him in a court in Connecticut, and by means of his perjury had recovered large damages against him. The court held that the action would not lie, because it went to the overturning collaterally the judgment of a court of competent jurisdiction. And the case in 1 Johns. Ch. Rep. 322, was of a similar nature ; in which Chancellor Kent decided, that even a court of equity could not sustain a bill founded on like facts.
In short, the whole current of authorities seems to recognize the principle, that where a cause has been instituted in a proper forum, where all matters of defence were open to the party sued, the judgment is conclusive until reversed by a superior court which has jurisdiction of the same cause on a writ of error.[1]

Replication to the last plea adjudged bad.

 Welles v. Fish, 3 Pick. 74; Jones v. Conoway, 4 Yeates, 109 Sherwood v. Sutton, 5 Mason, 143; Harrell v. Kelly, 2 McCord, 426; Croft v. Arthur, 3 Desauss. 223. In Maine, this principle has been indirectly recognized in Bishop v. Little, 3 Greenl. 405, where it was held, that if money has been paid more than six years before the commencement of the action, for a consideration recently discovered to be of no value, and no fraud is imputable, the statute is a good bar. But in New York, although the principle is admitted at equity, yet it is held, that at law a replication that the plaintiff did not discover the fraud till within six years will not deprive the defendant of the protection of the statute. Troup v. Smith, 20 Johns. R. 33. See also Oothout v. Thompson, 20 Johns. R. 277. In North Carolina and Virginia, this question has been decided in accordance with *446 the decisions in New York. Hamilton v. Sheppard, 2 Murphey, 115; Callis v. Waddey, 2 Munf. 511. See Shelby v. Shelby, Cooke’s (Tenn.) R. 183. In cases of fraud it seems that the statute runs only from the time of the discovery of the fraud. Brown v. Howard, 4 J. B Moore, 508. See also Granger v. George, 7 Dowl. & Ryl. 729; S. C. 5 Barn. & Cressw. 149.

 But actual fraud discovered, or which the plaintiff had the means of discovering, more than six years before the commencement of a bill in equity, will not take the case out of the statute. Farnam v. Brooks, 9 Pick 212, 244. Nor will he bar created by the statute be avoided by mere conotractive fraud. Ibid.

 See Saxton v. Chamberlain, 6 Pick. 422; Minor v. Walter, 17 Mass. R. 237; New Eng. Bank v. Lewis, 8 Pick. 113; Whitcomb v. Williams, 4 Pick. 228; Livermore v. Herschell, 3 Pick. 33; Adams v. Pearson, 7 Pick. 341.