SARAH TOWLE, Administratrix, *versus* WILLIAM B. BANNISTER.

Where a claim against an estate represented insolvent was allowed in full by the commissioners, notwithstanding they had notice that it was partially secured by mortgage and that the creditor claimed for the balance only, and the commissioners made their report, it was *held*, that the judge of probate, upon the petition of the creditor, was authorized, under *St.* 1784, *c.* 2, [Revised Stat. *c.* 68, § 4,] before distribution, and within the time limited by the statute, to re-open the commission in order that the mistake might be corrected; and that as the creditor did not intend to waive his mortgage, this was a proper case for the exercise of such authority.

THIS was an appeal from a decree of the judge of probate.

The appellee, as one of the executors of Moses Brown, presented a petition to the judge of probate, representing that Philip Towle, deceased, being indebted to the estate of Brown on a promissory note, in about the sum of $800, gave as collateral security therefor, to Brown in his lifetime, a mortgage of certain real estate, which was insufficient to pay such note ; that the estate of Towle was represented to be insolvent, and that commissioners of insolvency were duly appointed ; that the appellee presented for allowance the debt due to Brown, and gave notice of the mortgage, expressly declaring, that he claimed only for so much as the mortgage might be insufficient to discharge, and requested that both the debt and the mortgage might be reported to the judge of probate, in order that such further measures might be had thereon to liquidate the claim, as to law and justice might appertain ; that the appellee, on the day of making his petition, was advised, that the commissioners had neglected and rejected any notice or report of the mortgage, and had reported the whole amount due on the note ; and that the appellee conceived such report to be erroneous on their part, and injurious both to the estate which he represented, and also to other creditors of the insolvent estate. Wherefore he prayed, that the report of the commissioners might be remanded to them, to be amended by reporting the whole facts in relation to the claim, or that the value of the property mortgaged might be ascertained and only the balance due over and above that be reported

Towle
v.
Bannister.

At a Court of Probate held in April 1833, it was decreed upon this petition, that the further term of two months be allowed to the creditors of the insolvent estate, to bring in and prove their claims.  From this decree the appellant appealed. It appeared from the pleadings, that when the petition of the appellee was presented, and the decree made, the commission had been returned and filed several months, but that the time which the judge of probate is authorized, by *St.* 1784, *c.* 2, to allow to creditors for bringing in and proving their claims, if the circumstances of an estate may require it, had not then expired by more than two months ; that no decree of distribution had been made upon such report, at the time when the appellee petitioned ; and that he did not file his objection to such report within twenty days from the return thereof.

*Nov. 6th.*     *Gerrish* and *Cross,* for the appellant.

            *Saltonstall* and *Marston,* for the appellee.

*Nov. 7th.*     SHAW C. J. delivered the opinion of the Court.  Two questions are made in the present case : 1. Whether the judge of probate had authority under the statute to open the commission, and grant further time to the creditors to bring in and prove their claims ; and 2. If he had, whether in the case before him, there was a fit and just case made out, for the exercise of that power.

1. The authority of the judge of probate depends upon the construction of *St.* 1784, *c.* 2, which provides that six months, and such further time not exceeding eighteen months, (as the circumstances of any estate may require,) shall be allowed by the said judge to the creditors for bringing in and proving their claims.  It is contended for the appellant, that the only case in which the judge of probate has authority to open the commission and extend the time is, when it is necessary and proper to allow creditors to offer their claims, who have been prevented from presenting them seasonably by want of notice or otherwise.  But it appears to us, that though this is one cause, and this was the specific cause in *Walker* v. *Lyman,* 6 Pick. 458, yet that this is not the only cause, and that it would not comport with the great purposes of the statute to give it this limited construction.  The purpose is, to bring in and *prove* their claims.  If the proof has failed, if it was to

come from abroad and has not been received, or if it has been mistaken in point of law or fact, by the commissioners, then the authority is given to the judge to allow time to *prove*, that is, as we understand the statute, to make the proper and correct proof, according to the rights and claims of the parties. It is to be recollected, that as the proceedings before commissioners must necessarily look to a final and complete settlement of the estate, it must of necessity embrace a final settlement of all demands of whatever nature between the parties. The clause " as the circumstances of any estate may require," allows a large discretion to the judge of probate. Upon the appellant's hypothesis, it should have been, when a claim has by some unforeseen cause not been presented ; which is very different from the broad discretion given by the statute. If by accident or mistake, the commissioners have allowed too much or too little, and by a recommitment the whole may be set right to the satisfaction of all parties, and thus the expense and delay of litigation be avoided, to the manifest benefit of both parties, and the time allowed by law has not elapsed, I can perceive nothing in the statute to prevent the judge, on the petition of a creditor, from opening the commission for that purpose. It is to prove, that is, to make proof of his true and just claim, as it ought to stand. In the case cited it was held, that the return and the acceptance of the report of the commissioners by the judge, before distribution, did not prevent such extension of the time ; and here it is found, that though the report was returned and filed, and had been several months before the judge of probate, yet no distribution had been made. Then what was the nature of the petitioner's case ? It is now settled by *Amory* v. *Francis*, 16 Mass. R. 308, that he could not prove for his whole debt, and yet retain his mortgage ; and that if he does prove his whole debt, and accept a dividend on his whole debt, he thereby waives his mortgage. *Hooker* v. *Olmstead*, 6 Pick. 481. It is very clear from the facts, that he did not mean to waive his mortgage, and it could only be done by some act of his own. The commissioners, therefore, by allowing his whole note, without deducting the value of his mortgage, put him in a situation, in which if he had voluntarily remained he must be

deemed to have waived his mortgage. They had therefore in effect rejected the claim which he made. That claim was for a balance, and they did not strike the balance. It was therefore a claim which, though presented and acted upon, had not been proved, as it was made and as it existed, and as the petitioner had a plain legal right to have it stand. Now whether he might have treated this as a rejection of his claim, and brought his action, it is not necessary to decide ; it would rather seem that he might, if the commissioners, after the proper proof and explanation, should persist in thus allowing the whole amount of the note ; otherwise, under the appearance of giving a creditor more than he asks, they might subject him to a forfeiture against his consent. But whether this be so or not, we think it does not prevent the action by the judge of probate, in a case within the scope of his authority ; and it is not uncommon for a party to have a double remedy. The one in question is an easy, prompt, cheap, and equitable remedy, and beneficial to all parties.

Many cases may be supposed, in which this power would be highly beneficial. In case, from the difficulty of getting proofs from abroad, settling outstanding claims, a creditor to the estate of an insolvent has proved his whole debt, and has not given sufficient credit, but is prepared, if the commission is opened, to make a complete settlement, and thus save the administrator from the necessity of striking out his claim and compelling him to proceed at law, the circumstances of the estate may be such as to require it to be opened, to admit this proof, and we think the judge of probate has the power to decree it, and that such proof, by a liberal construction which it is proper to give to a beneficial and remedial statute, is proof of the claim, as well when it goes to diminish it, as when it goes to increase it. In either case it goes to adjust it, and make it right, and as it should be.

2. Such being the power of the judge of probate, it appears to us that this was a fit case for its exercise. The commissioners under some mistake of the law, or of their duty, reported the whole amount, when they ought to have first deducted the value of the mortgage.

It might operate injuriously to the creditor, to be compelled

Towle
*v.*
Bannister.

to take the mortgage as payment *pro rata* at the appraisement of the commissioners, because if the land fell, he must keep it, and if it rose, the mortgager might redeem. His equitable right, therefore, was, to call on the administrator to get license and consent to join in a sale, and deduct the proceeds from the note, and prove the balance. But if he consented to take the mortgaged premises, at the appraisement of the commissioners, he had a right to do so. Then if they allowed too much for the estate and thus reduced his balance below the just amount in his opinion due, he might give notice within the twenty days, and on a trial by jury, have a new appraisement by them ; and if the mortgaged premises were estimated too low, the administrator would have the same right. This, as I understand, is what the appellee proposed to do. He presented the note, gave notice of the mortgage, and requested the commissioners to deduct the value, and strike the balance, or make a special report. If they declined, as they did, the latter alternative, to make a special report, then it was their duty to strike the balance by appraising the mortgage.

It is urged that the petitioner was guilty of laches, in not presenting the mortgage deed specifically to the commissioners. As I understand the facts, he did make known that he had a mortgage ; which I understand to be equivalent to presenting it. If they were not satisfied with the proof, and considered him negligent in furnishing proof of the nature, amount, and value of the mortgaged estate, perhaps they would have been justified in considering the value of the mortgaged estate as, *primâ facie*, equal to the amount of the note, and thus rejected the claim. But with notice that there was a mortgage, that the claimant did not waive it, and intended to hold it in part satisfaction of his debt, I do not readily perceive how they could allow the whole note and take no notice of the mortgage. Perhaps the course adopted, is fairly attributable to mutual misunderstanding and mistake ; but being so, and being one from which difficulty would be likely to arise, if not speedily corrected, the Court are of opinion that it was a fit case, under the circumstances in which the estate was placed, to recommit the subject to the commissioners for a short time, to enable them by a summary proceeding, to do

that, which the plain dictates of justice required, in adjusting the rights of these parties.

*Decree affirmed.*