Shaw, C. J.
The facts in this case, as we understand them, are as follows: Mallory, Royce and Kent gave their notes to Wolcott, to the amount of about @600; probably, jointly and severally, but this is not stated. A few days after the notes were made, Mallory gave Wolcott a mortgage.on an estate worth about four fifths the amount of the debt. It is stated in the facts agreed, that Mallory was the principal debtor, and that Royce and Kent were sureties. This fact does not appear to the court to be of much importance, because, as to the creditor, all were debtors unconditionally, and to the full amount. On this mortgage the creditor brought his action to foreclose, had his conditional judgment, and in due time took out his writ of seizin, by which he was put into actual possession. In this state of things, Royce being an insolvent debtor, the creditor claims to prove his whole debt against Royce’s estate, and take a dividend thereon, without deducting any thing on account of the mortgage, and to hold the whole of the mortgage, for the balance, if any should remain unpaid. The court are of opinion that he must first deduct the value of the mortgage, to be ascertained either by a sale or appraisement, and can prove only *307 for the balance. The case is within the spirit, if not within the letter, of the insolvent act. The provision is, St. 1838, c. 163, 3, that “when any creditor shall have any mortgage or pledge of any real or personal estate of the debtor, for securing the payment of any debt claimed by him, the property, so held as security, shall, if he require it, be sold, and the proceeds applied towards the payment of his debt, and he shall be admitted as a creditor for the residue thereof, if any.” If the term “ debtor,” in this sentence, is necessarily to be limited to the insolvent debtor whose estate is in the progress of settlement, as is contended for the appellee, then this case is not within the letter of it, because the mortgage was not made by Royce, the insolvent. But it is equally consistent with the manifest equity and policy of the statute, to construe it to mean any person liable for the debt. When two or more persons are jointly liable for the same debt, a payment by one is a discharge pro tanto of the co-debtors. If Mallory had paid part of the debt, it would have enured to the benefit and discharge of Royce and Kent, as well as his own. Had the creditor foreclosed the mortgage made by Mallory, it would have had the same effect, to the extent of its value. Now, it is a general rule of equity, that where a final settlement is to be made, as in cases of bankruptcy or insolvency, all mutual accounts shall be balanced; that a pledge of property, held as security for a debt, shall be deemed in the nature of set-off or payment, an extinguishment pro tanto ; and the balance only is the actual amount to which the creditor has trusted to the personal responsibility of the debtor; and it is for that sum only, that he can come in pari passu with other creditors, who have relied on the same responsibility. If the debt is reduced and diminished, by a pledge thus given by one of the debtors, it is equally reduced, as against the co-debtors; if the creditor hold a mortgage made by either of the debtors, it is within the equity, if not the letter, of the statute, and its value must first be deducted. The general principle, independently of the statute, was affirmed, and well explained and illustrated, in the case of Amory v Francis, 16 Mass. 308, cited by the appellant.

Ordered accordingly