Haverhill Loan and Fund Association *v.* Cronin.

## TRUSTEES OF HAVERHILL LOAN AND FUND ASSOCIATION *vs.* CATHARINE CRONIN.

A witness called as an expert cannot be asked in cross-examination whether he considers himself as good a judge of the matter in dispute as other witnesses who have been called as experts.

A claim against the insolvent estate of a deceased person which is partially secured by a mortgage may be proved for the excess of the claim over the value of the mortgaged property, and the amount of such excess may be determined by the jury.

A claim payable absolutely may be proved before its maturity against the insolvent estate of a deceased person.

It is too late after verdict to object to defects in a declaration which might have been cured by an amendment if the objection had been seasonably taken.

If at the trial of a case in the superior court a party has omitted to claim all to which upon the facts he was entitled, the error cannot be corrected in this court on a bill of exceptions in which no question of law or fact in relation to the matter is presented.

APPEAL from the decision of commissioners appointed by the judge of probate to examine and allow claims against the insolvent estate of Charles Cronin, deceased, of which the defendant is administratrix.

The claim was on a bond dated October 20, 1856, executed by the intestate to the plaintiffs, for $4080, payable in instalments of $80.40 on the 20th of each and every month " until the termination of said association whereof the said obligor is a member, or until the said obligor shall have repaid in monthly dues to said association the full sum of four thousand and eighty dollars, exclusive of the interest thereon, and also all sums which shall be charged to him pursuant to the articles of the association during the said period," &c. A mortgage of real estate was

executed at the same time, as security for this bond.   The dec-
laration claimed a balance of $1472.45, as due upon the bond
on the 1st of October 1860, after deducting payments received
thereon, and the value of the land covered by the mortgage,
which was estimated at $2000.

At the trial in the superior court, the plaintiffs proved the
execution of the bond, and rested.   The defendant then called
several witnesses as experts to testify to the value of the land.
The plaintiffs called witnesses as experts in reply, each of whom
was asked in cross-examination if he considered himself as good
a judge of the value of the land as certain of the witnesses
called by the defendant; but *Wilkinson*, J. ruled that this ques-
tion could not be asked.

The mortgage contained a power of sale, under which a sale
had been made which the defendant claimed, and which the
jury, in reply to a special question, found to be invalid.   The
defendant asked the court to instruct the jury that, if the plain-
tiffs had not gained an indefeasible title to the land by foreclosure
or a valid sale, they could not recover in this case, as they had
not waived their collateral security; but the judge declined so
to instruct them.

The jury returned a verdict for the plaintiffs for $1337.83, and
the defendant alleged exceptions.

" The defendant also made a motion for a new trial, which
the court overruled, and which she prays may be taken as a part
of these exceptions," in which the following reasons were as-
signed : " 1.  The plaintiffs' declaration does not set forth any
breach of the bond declared on, and no evidence was offered of
any breach thereof.  2.  A wrong issue was presented to the jury,
namely, the amount due on said bond ; and it had not appeared
in any manner, and did not at any time appear, that the condi-
tion of said bond had been broken or the penalty forfeited.  3.  It
was assumed that the whole penalty of the bond was due, with
interest from its date ; and no evidence was offered to prove
said facts.  4.  Any judgment which may be entered on said ver-
dict will be against the form prescribed by Gen. Sts. *c.* 133,
§ 9

" The court refused to grant said motion, on the ground that the facts set forth therein — that no evidence was offered of any breach of the bond, and that the whole penalty of the bond was assumed to be due, and no evidence was offered to that effect — are not correct. At the trial, no question was made as to the mode of procedure by either party. The whole trial was conducted by both parties as upon a suit to ascertain the amount unpaid or due upon the bond. Much evidence of a breach of the bond was in the case, and both parties treated the bond as broken. The parties made up the pleadings as they chose, without any appeal to the court, and no objection was made by either side thereto, or to the issue submitted to the jury, till after the verdict."

*R. T. Paine, Jr.* for the defendant. The question to the experts was competent. *Walker* v. *Boston,* 8 Cush. 279. *Shaw* v. *Charlestown,* 2 Gray, 109. The plaintiffs were not entitled to recover, not having gained an indefeasible title to the land, or waived their title to it. *Amory* v. *Francis,* 16 Mass. 308. *Hooker* v. *Olmstead,* 6 Pick. 481. *Towle* v. *Bannister,* 16 Pick. 255. *Middlesex Bank* v. *Minot,* 4 Met. 329. The declaration was defective in not alleging a breach of the bond. Gen. Sts. *c.* 129, § 2. This defect occasioned a mistrial throughout. The verdict was for a greater sum than was, or on any hypothesis could have been found to be, then due on the bond. A wrong issue was presented to the jury. No judgment can legally be entered on this verdict. Gen. Sts. *c.* 133, §§ 9, 10, 11. *Merrill* v. *McIntire,* 13 Gray, 157. Payments were made during the first year after the decease of the intestate. The plaintiffs gain an unjust preference, if they receive an equal dividend on the balance of their claim, after deducting such payments. *Walker* v. *Hill,* 17 Mass. 380. *Walker* v. *Bradley,* 3 Pick. 261. *Bliss* v. *Lee,* 17 Pick. 83. *Heard* v. *Drake,* 4 Gray, 514.

*D. H. Mason,* for the plaintiffs, was not called upon.

HOAR, J. None of the exceptions taken in this case can be sustained.

1. The defendant called two experts as witnesses, and then proposed to ask each of the experts called by the plaintiffs

whether he considered his judgment as good as that of the two called on the other side. This question was properly excluded by the court. It was in effect an attempt to introduce the opinion of witnesses as to the value of the evidence of the defendant's witnesses. It is not the province or duty of a witness to make such comparisons. He is to testify what he knows, and the jury are to weigh the evidence.

2. It has been repeatedly decided in this commonwealth, that, when a claim is made upon the insolvent estate of a deceased person, founded upon a debt secured by mortgage, the creditor may prove his whole debt against the administrator, if he will give up his security ; but if he elects to retain his security, its value must be ascertained and deducted, and he can only prove the remainder. The value of the mortgaged property may for this purpose be fixed by consent of parties, or ascertained by a sale ; or it may be determined by the jury before whom the cause is tried, who will then render a verdict for the amount due after deducting the estimated value of the security. The latter course was adopted in this case ; and it is fully justified by authority. *Amory* v. *Francis*, 16 Mass. 308. *Hooker* v. *Olmstead*, 6 Pick. 481. *Towle* v. *Bannister*, 16 Pick. 255. In each of these cases a similar course of procedure was approved by this court.

3. As the debt was not contingent, although payable in instalments, some of which were not due, the whole was properly allowed to be proved. This necessarily follows from the fact that all the liabilities of the estate of the deceased insolvent are to be ascertained once for all, in order to a just and equal distribution of the assets. If the creditor owning a debt, *debitum in præsenti, solvendum in futuro*, were not permitted to prove it, he would be forever debarred from any participation in the estate. *Aldrich* v. *Campbell*, 4 Gray, 286.

4. The refusal of the court to grant a new trial is not the subject of exceptions. The presiding judge certifies that most of the grounds taken in support of that motion were not founded in fact. The trial proceeded by consent of parties, and it is too late, after a verdict, to object to defects in the declaration which might have been cured by amendment, if the objection

had been seasonably taken. Gen. Sts. c. 129, §§ 11, 12, 34, 41, 42, 79.

5. If the defendant has through accident or misapprehension allowed payments which she made after the decease of the intestate, and which she might have recovered back, to be deducted without objection from the plaintiffs' claim, her only remedy is by an application to the superior court for a new trial or a correction of the verdict, if sufficient reason for either can be shown to exist. We cannot correct, on a bill of exceptions, an error to which no exception was in fact taken at the trial.

*Exceptions overruled.*