## W. D. BIRD v. EFFIE PHILLIPS, Appellant.

**Land Sale Commissions:** *Production of competent buyer.* Where an agent employed to sell land procures a proposed purchaser 6 able and willing to pay the price fixed by the principal the agent is entitled to his commission, though the principal refuses to make the conveyance.

*Oral offer by buyer sufficient.* Where an agent employed to sell land procures a proposed purchaser able to buy, and who offers 7 orally to buy at the price set by the owner, such offer is sufficient under the Iowa statutes, which permit sales of real estate by oral contract.

| | |
|---|---|
| 115 | 703 |
| p122 | 532 |
| 122 | 664 |
| 115 | 703 |
| 124 | 63 |
| 115 | 703 |
| 136 | 291 |
| 115 | 703 |
| 139 | 303 |

EVIDENCE. Where there is evidence that the defendant's husband was authorized to act as her agent, his letters, written while so acting are admissible in a suit in which she denies his agency.

Agency: JURY QUESTION. Defendant's husband by her admitted authority employed plaintiff to trade her land in Kansas for land in Iowa, the Iowa land to be conveyed as her husband should direct. Plaintiff negotiated the trade, and the Iowa land was, by her husband's directions conveyed to her. Plaintiff was in terms authorized to sell the land, by a writing to which her husband signed her name and his own, for a commission of one-half of the amount sold for in excess of the sum named. All correspondence by plaintiff relating to all the transactions was with defendant's husband. *Held,* that the jury were justified in finding that the husband was authorized by defendant to employ plaintiff to sell the land.

REVOCATION. Where plaintiff was employed to negotiate a trade of lands for defendant and afterwards employed to sell the lands received by her in such trade, the services rendered by him in making such trade being, in part, the consideration for the second employment, such employment was coupled with an interest, and could not be revoked at the mere pleasure of defendant.

Appeal: TRIAL BELOW: *Issues not presented.* Where an issue is not raised in or called to the attention of the trial court, it will not be considered in the supreme court.

*Appeal from Woodbury District Court.*—HON. F. R. GAY-NOR, Judge.

MONDAY, OCTOBER 7, 1901.

THE petition is in three counts. In the first a claim is made for a commission of $650 for the sale of certain real estate in Woodbury county. In the second count an additional claim is made for $104.50 for renting and attending to said land, and furnishing wire for use thereon. The third count we need not set out. The cause of action therein stated was withdrawn by the court from the jury, and no appeal was taken from such action. The answer sets up, in substance, that the real estate in question was owned by defendant; that the contract under which plaintiff claims to

have sold the same, and upon which he sues, was executed by her husband, without her authority. A counterclaim is also interposed; but, as it was taken from the jury by the trial court and no exception founded on the ruling, we need give it no further attention. There was a trial to jury, verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*E. P. Farr* and *John P. Organ* for appellant.

*William Milchrist* for appellee.

WATERMAN, J.—Defendant, Effie Phillips, was the owner of a tract of land in Woodson county, Kan., the title thereto standing in her name. At the same time one Wilcox owned land in Woodbury county in this state. These lands were exchanged, defendant taking title to the Woodbury county land in her name. It is for the sale of this last-named tract, or for procuring a purchaser therefor, that plaintiff seeks to recover commission. The business on defendant's part was conducted by her husband, who entered into the written contract upon which plaintiff founds his claim, both in his wife's name and his own. Defendant denies her husband's authority to make the contract or to sign her name thereto. As the evidence relied upon by plaintiff to show the husband's agency is circumstantial, it is necessary to go back to the inception of the business relations between the parties.

There is evidence tending to show the following facts: At the instance of R. M. Phillips, defendant's husband, plaintiff undertook to find a purchaser for defendant's land. He procured Wilcox, who was willing on certain terms to exchange his farm in Woodbury county for the Kansas land. A written contract of exchange was prepared; R. M. Phillips appearing and acting for his wife, who was not present. In executing this contract, R. M. Phillips signed his wife's name thereto. In this contract it was provided that Wilcox

should deed his land to R. M. Phillips or to "such parties as he may direct." This contract was carried out by conveyances being executed; the Woodbury county land being deeded to defendant. Thereafter the following contract was entered into with plaintiff: "Sloan, Iowa, Oct. 20, 1897. for value received we hereby agree to pay W. D. Bird one-half of the amount above $5,200 that the following described real estate brings when sold: Lots number one, two, three, and four, in section twenty, and the northwest quarter of the southwest quarter of section twenty-one, and all accretions and land lying west between the above described land and the Missouri river, all in township eighty-six, range forty-seven, in Woodbury county, Iowa,—the intention being that when said land is sold the first $1,500 shall first be applied on the $1,500 mortgage now on said land, and the balance, $3,700 to be paid to us, and all amounts above this the land is sold for shall be divided equally between the said Bird and ourselves. And we hereby appoint W. D. Bird our agent to sell said land at the best price he may be able to get for it above $5,200. [Signed] Effie Phillips, R. M. Phillips." It is conceded that R. M. Phillips signed his wife's name to this instrument, and she now testifies that he did this without authority and unknown to her.

Plaintiff's claim is that the husband had full control of this real estate, with authority to deal with it as his own, and therefore his wife is bound by the agreement made. It will be noticed that the contract of exchange with Wilcox, which defendant admits she authorized her husband to execute on her part, provided that the deed of the land to be taken was to be made to her husband if he desired, and, if not, to such person as he might designate. Certainly this discloses an extensive and general authority in the husband to dispose of this land as he saw fit. Plaintiff had, at the time this exchange was effected, rendered services for which he was entitled to compensation from defendant; for presumably she knew of them, and she accepted the benefit thereof. Both defendant and her hus-

band agree that it was expected the Kansas real estate should bring $3,700 clear in the exchange with Wilcox. After obtaining title to the Woodbury county land, R. M. Phillips, as the evidence tends to show, thought he saw more than this in the land, and so entered into the contract with plaintiff. It will be noticed that $3,700 clear is stipulated for absolutely in this contract. Under the husband's direction plaintiff toook charge of the Woodbury county land, and rented and attended to it. No communication was ever had with the wife on the subject, but she now tacitly concedes her liability to him on this account. There is nothing in the record to show that the wife ever had anything to do about the sale or management of this land personally; but, so far as appears, she always acted through her husband. In due time plaintiff procured a purchaser for the land at the price of $6,500, and notified R. M. Phillips of the fact. The offer was refused, because plaintiff declined to accept the sum of $500 in full for his commission. This refusal came from R. M. Phillips, who now testifies that he never had authority to agree to pay any commission whatever.

As further showing R. M. Phillips' general and almost absolute control over this land, there is evidence going to show that after the present action was begun he came to Iowa from his Kansas home to dispose of the land to a certain party, bringing with him a deed executed by his wife and himself, which was in blank both as to the name of the grantee and the amount of the consideration. Negotiations with the person he came to see having come to naught, he sold to another person, inserting his name as grantee and fixing the consideration at $5,000, subject to the mortgage of $1,500. No one of these facts would be sufficient to establish the husband's agency in the making of the contract with plaintiff; but, taken together, it seems to us they were sufficient to warrant the jury in finding that he had a general right of control of this land, which was sufficient to authorize his act in that regard. All the correspondence in relation to this transaction had by

plaintiff and it was considerable, was with defendant's husband. Some time after the execution of the contract sued upon, R. M. Phillips wrote plaintiff that he was not to sell the land without first submitting the matter for approval to the writer. Defendant now adopts this letter, and claims it as a revocation of plaintiff's agency. If she can adopt this letter, we do not see why she may not be held bound by other letters in which plaintiff's contract is recognized and admitted.

II. The claim of revocation does not seem to have been raised in the trial court. The letters upon which it is founded were introduced by plaintiff. Nowhere in the record do we find that the attention of the trial court was called to any such issue. Under well-known rules, this court refuses to pass upon questions not raised below. Futhermore, it may well be said that according to plaintiff's evidence he had earned a right to some compensation by his services in procuring the exchange of lands with Wilcox. As a part consideration for that, the contract in suit was entered into. Upon this theory the agency would be coupled with an interest, and therefore not revocable at the principal's pleasure. *Smith v. Railroad. Co.*, 30 Iowa, 244; Evans, Principal & Agent, 95.

III. Another defense is that plaintiff did not make a sale of the land, but only proffered an intended purchaser; and this was not sufficient to entitle him to commission, under his contract. We do not so construe the writing. While it speaks of plaintiff selling the land, it is manifest what is meant is that he shall procure a purchaser able and willing to take at the price named. This is the interpretation given it by the parties, for, when such a purchaser was offered, the only objection made on plaintiff's part to carrying out the agreement was that the commission asked was exessive in amount. As to plaintiff's rights under the contract, see: *Furst v. Tweed,* 93 Iowa, 300; *Holmes v. Redhead,* 104 Iowa, 403; *O'Reilly v. Keim,*

54 N. J., Err. & App. 418 (34 Atl. Rep. 1073); *Halsey v. Monteiro,* 92 Va. 581 (24 S. E. Rep. 259).

Another objection in this connection is that plaintiff did not have a binding agreement with the would-be purchaser. A verbal agreement on the part of the buyer that he would effect the purchase is sufficient. *Ford v. Easley,* 88 Iowa, 604; *O'Connor v. Semple,* 57 Wis. 243 (15 N. W. Rep. 136); *Kelly v. Phelps,* 57 Wis. 425, (15 N. W. Rep. 385). The authorities cited by appellant to sustain his position on. this question are not in point, under statutes like ours, which permit sales of real estate by oral contract.

IV. The letters of the husband, containing admissions of his agency, are said to be incompetent to establish the fact. But we find there was other evidence of the agency; and under the instructions of the court it was upon this other evidence alone that the jury was authorized to predicate their finding on this point. The agency having been so established these letters were clearly admissible. *Drake v. Railway Co.,* 70 Iowa, 59.

What we have said covers the controlling points in the case. Some minor matters are discussed, but they are not of a serious character, and we think it sufficient to say that no prejudicial error is shown.—AFFIRMED.