W. R. JENKINS v. E. DEWEY, F. A. McMASTER AND NELLIE
McMASTER, Appellants.

Commissions; AGENCY; EVIDENCE. In an action to recover com-
missions for the sale of land, the evidence is considered and
held to support a finding of the trial court that the owner
authorized another to list the land with plaintiff, and to war-
rant a judgment against the owner for the amount of the
commission.

*Appeal from Woodbury District Court.*—HON. WM. HUTCH-
INSON, Judge.

MONDAY, FEBRUARY 1, 1904.

ACTION at law to recover a commission for the sale of
real estate. Defendant F. A. McMaster had no interest in
the land, but it is claimed he acted as if he had, and that
he in fact represented his sister and co-defendant, who
owned a half interest in the land. Defendant Dewey owned
the other half interest. The defendants filed what amounted
to a general denial, and the cause was tried to the court with-
out a jury, which rendered a judgment for the plaintiff
against Nellie McMaster for one-half of the amount of the
commission claimed. Plaintiff and defendant Nellie Mc-
Master appeal. As defendant first perfected her appeal, she
will be called the "appellant."—*Affirmed.*

*Sullivan & Griffin* for appellants.

*J. A. Pritchard* for appellee.

DEEMER, C. J.—Plaintiff did not file an assignment of
error, and, as the case is on the law side of the calendar, his
appeal was dismissed on motion at a prior term of this court.
The only question left in the case is the correctness of the

judgment against Nellie McMaster. That she was the owner
of an one-half interest in the land, is practically undisputed,
and, so far as this controversy is concerned, she must, in
view of the record, be treated as such owner. She did not
herself have any negotiations with plaintiff with reference
to the disposition of the land. But it is claimed that her
brother and co-defendant did, and that whatever was done
by him was for and on her behalf. There was enough evi-
dence to justify a finding that defendant F. A. McMaster
listed the land with plaintiff for sale, with the agreement that
the plaintiff should have for himself all he could realize over
$17 per acre. The doubtful point is the authority of F. A.
McMaster to bind his sister and co-defendant. Of course,
she is not bound by what her brother did without authority,
and unless she in some measure authorized the listing of the
land, or consented thereto after knowledge thereof, she is
not bound thereby. Declarations made by the alleged agent
as to his authority are not binding on the principal. Two
items of evidence are relied upon by plaintiff as tending to
show the authority of F. A. McMaster: First, it is shown
that, after some correspondence between plaintiff and the
alleged agent, defendant Nellie McMaster was at the home
of her brother, and was informed of an arrangement to sell
the land for $16 per acre, net to her, which she disapproved.
She was then informed that her co-owner would sell for $17,
net; and she then stated that, if Dewey would sell for $17,
she would, also. Her brother almost immediately wrote
plaintiff that the owner wanted $17 per acre, net, for the
land. At the same time he wrote a card to some other land
agents, with whom he had listed the land, saying that the
parties had raised the price of the land to $17 per acre.
These latter agents, it seems, doubted his authority, and they
wrote to Nellie McMaster, asking her about the matter; and
she replied, saying that whatever McMaster, her brother,
said, was all right, or correct. This last is the second item
of evidence relied upon. Remembering that the case at law,
and that the findings of the trial court have the force and

effect of the verdict of a jury, we are constrained to hold that there was enough here to justify the finding of the trial court that F. A. McMaster was authorized to list the land with the plaintiff for sale at $17, net to the owners. It is not enough that we would have found the other way on this proposition. The finding must stand if there is any substantial evidence to support it. The trial court had the advantage of the presence of the witnesses before him, and we are not disposed to hold that his conclusions were the result of passion or prejudice. The case, in many of its aspects, is like *Bird v. Phillips,* 115 Iowa, 703.

There is another significant fact in the case, and that is that, after defendant refused to carry out the contract with the purchaser found by the plaintiff, she sold the land to this identical purchaser at an advanced price, and thus obtained the benefit of plaintiff's services. There is no doubt that the purchaser was ready, able, and willing to take the land at $18 per acre; and we think, in view of all the facts, that there was no error of which defendant Nellie McMaster may justly complain.

Two errors are assigned on rulings during the progress of the trial—one, the admission of the letter written by Nellie McMaster regarding her brother. This was admissible as bearing on the question of F. A. McMaster's agency in fact. It may be that secondary evidence of its contents was not admissible, but this was cured, if there was any error, by the statements of defendant herself. The other alleged error was cured by subsequent testimony from the witness.

There are no prejudicial errors, and the judgment is AFFIRMED.