EMILY JACOBS, appellee, vs. IRA F. JACOBS, appellan*.

t is no objection to an appeal, under the Gen. Sts. c. 99, § 8, and the St. of 1865, c. 258, by a creditor of an insolvent estate, from the allowance by commissioners of a claim by another creditor of the estate, that in the notice filed in the probate office, claiming the appeal, the appellant professes to be acting not only in his own behalf, but also in behalf of the other creditors, and of an infant child of the deceased, whose guardian he is; or that in such notice he claims an appeal from the allowance of the claims of other creditors, besides the appellee; or that he has not filed any reasons of appeal; nor is it a condition precedent to the appeal that he should give any further notice to the appellee.

APPEAL to the Superior Court, from the decision of commissioners appointed to examine and allow claims against the insolvent estate of George A. Jacobs, deceased, of which John Hasler was administrator. The appellant was a creditor of the deceased, and his claim had been allowed by the commissioners, in their return made December 19, as had also the claims of the appellee and of James Reagan and Moses M. Rice, hereinafter mentioned. The appellant was also guardian of Elmer S. Jacobs, a minor child of the deceased.

On January 16, 1872, the appellant filed in the Probate Court the following paper signed by him : " To the Honorable the Judge of the Probate Court for the county of Worcester, and John Hasler, administrator of the estate of George A. Jacobs, deceased : Ira F. Jacobs, of Dudley, in said county, a creditor of the estate of George A. Jacobs, and guardian of Elmer S. Jacobs, child of said deceased, for himself, and in behalf of said ward and of the other creditors of said estate, without waiving any right of asking said court to revoke the commission appointing the commissioners hereinafter named, and without prejudice thereto for sufficient cause shown, respectfully represents that he is dissatisfied with the decision of the commissioners appointed to receive and examine the claims of creditors against the estate of said George A. Jacobs, allowing the claim of Emily Jacobs, and that of James Reagan, and the claim of Moses M. Rice, hereby gives notice that he claims an appeal from said decision of said commissioners to the Superior Court, next to be holden at Worcester, in and for said county, on the first Monday of March next."

In the Superior Court, the appellee moved to dismiss the appeal, because it appeared to be from the decision of the commissioners allowing three distinct claims ; because it was taken by the appellant both on his own behalf as creditor, on the behalf of the other creditors, and as guardian of his ward ; because it did not appear that the ward was either heir, legatee, devisee, creditor, executor or administrator of George A. Jacobs or of his estate ; and " because the papers filed in said appeal do not show any legal cause of taking or prosecuting the same."

The appellee also pleaded in abatement of the appeal for the reason that no notice of appeal was given to her by the appellant within thirty days after the return of the commissioners.

*Bacon*, J., overruled the plea in abatement on the ground that "no notice to the creditor appealed against is required by law, other than the notice to be filed in the probate office ; " but sustained the motion to dismiss the appeal, and the appellant appealed.

*H. B. Staples & F. P. Goulding*, for the appellee.

*T. L. Nelson & A. J. Bartholomew*, for the appellant.

WELLS, J. The objections made to the appeal in this case are based, apparently, upon the idea that the appeal is the institution of proceedings in the Superior Court for the trial of the case thus brought up. But such is not its nature.

By the Gen. Sts. *c.* 99, § 8, an executor or administrator, and now by the St. of 1865, *c.* 258, an heir, legatee, devisee or creditor of an insolvent estate, who is dissatisfied with the allowance of any claim of a creditor, may appeal from the decision of the commissioners. By the Gen. Sts. *c.* 99, § 9, " such appeal shall be claimed and notice thereof given at the probate office within thirty days after the return of the commissioners." There is no form prescribed in which the claim shall be made, or the notice given. It is only requisite that it shall be made known " at the probate office," so that it may there be properly made matter of record, and the proceedings directed accordingly. Copies of the record, showing the allowance of the claim and the appeal therefrom, being produced and the appeal entered in the proper court the appellant has no further action to take. It is then for the

creditor, the allowance of whose claim is appealed from, to file his declaration and establish his claim as if he had commenced an ordinary suit at law. It is then only that the ordinary rules of pleading are applicable to the proceedings.

It is no ground of objection to the appeal that the appellant, in his notice of appeal, claimed to represent several interests, or to act for other creditors than himself. It is not his nor their rights that are the subject of the appeal. All other creditors have a like interest in opposing a claim improperly allowed ; and all parties interested may and must be represented in one appeal ; for they cannot each have separate appeals, to be entered and tried separately. *Kent* v. *Dunham,* 14 Gray, 279.

For like reasons, it does not invalidate the appeal by a creditor, that he undertakes to represent an heir also, even though he fails to show that the person named as such is in fact an heir. It is sufficient that he is himself a creditor ; and his appeal is neither strengthened nor weakened by the joinder of other interests in the claim or prosecution of it.

Neither is it a good objection, that appeals from the allowance of several claims of different creditors were all embraced in one written notice to the probate court. That written notice is not the appeal, nor is it the foundation of any proceedings. It gives the information at the probate office from which the record is made up ; and the production and entry of the record is the foundation of proceedings in the Superior Court, so far as the appellant is concerned.

It is objected that " the papers filed in said appeal do not show any legal cause of taking or prosecuting the same." The statute does not require the appellant to show cause for his appeal. It is given absolutely and as of right. It is not a " probate appeal " strictly. It lies directly from the decision of the commissioners to a court of common law. No " reasons of appeal " are required to be filed.

The objection that no notice of the appeal was given to the creditor, the appellee in this case, is taken in the form of a plea in abatement. Treating it as such, the decision of the court below, overruling the plea, is final ; **Gen. Sts.** *c.* 115, § 7 ; and no

appeal lies to this court even "upon a matter of law apparent on the record." Gen. Sts. c. 114, § 10.

But if not properly a matter of abatement, the objection is not a fatal one, and ought not to operate to defeat the appeal. The court rightly held "that no notice to the creditor appealed against is required by law," as a condition of the right to enter the appeal. The statute does not require it in case of an appeal by another creditor. Doubtless the court in which the appeal is entered may and will always see to it that the creditor whose claim is thus controverted is in some proper mode informed of the appeal, so that he may have suitable opportunity to appear and maintain his rights. If he has the information, and opportunity to file his statement and prove his claim, it is sufficient. The mode and extent of notice to be given him are to be determined by the court in which the appeal is pending. If it does not appear that he is already sufficiently apprised of the fact of the appeal and the time for its entry, the court may order, and it would be its duty to order, that suitable notice be given, before proceeding to adjudicate upon the matter of the appeal.

The order dismissing the appeal was erroneously made, and must be reversed, and the case stand for the appellee to file her declaration or statement of her claim.