CHARLES A. DU VIVIER & others *vs.* ANN HOPKINS, executrix.

Worcester. October 7, 1874. COLT & MORTON, JJ., absent.

A claim against the insolvent estate of a deceased person, pending in the Superior Court on appeal from the decision of commissioners appointed by the Probate Court, cannot be removed to the Circuit Court of the United States, under the U. S. St. of 1867, *c.* 196.

APPEAL under the Gen. Sts. *c.* 99, § 8, from a decision of the commissioners, appointed by the Probate Court to receive and examine the claims of creditors against the estate of the defend- · ant's testator, disallowing a claim made by the plaintiffs against said estate.

In the Superior Court the plaintiffs, who were citizens of the State of New York, filed a statement of their claim, from which it appeared that the matter in dispute amounted to $921.52 ; and they filed a petition under the U. S. St. of 1867, *c.* 196, for the removal of the case to the Circuit Court of the United States. *Brigham,* C. J., refused to grant the petition, and ordered the case to stand for trial. The plaintiffs alleged exceptions.

*G. F. Verry & F. A. Gaskill,* for the plaintiffs. The petitioners are entitled to a removal. Under the Judiciary Act of 1789, *c.* 20, § 25, the word "suit," has been held to apply to any pro-

C

ceeding in a court of justice in which the plaintiff pursues in such court the remedy which the law affords him. *Weston* v. *City Council of Charleston*, 2 Pet. 449, 464. See also *Parker* v. *Overman*, 18 How. 137. The case of an appeal from commissioners is treated by our statutes and courts exactly like an action brought upon the demand by the creditor against the administrator. Before the Revised Statutes, the law required a writ to be sued out in such cases. St. 1784, *c.* 2. The Gen. Sts. *c.* 99, § 8, provide that an appeal from commissioners " shall be determined at common law," and " it shall be tried and determined in like manner as if an action had been brought therefor by the supposed creditor against the executor or administrator ; " and by § 10, that " like proceedings shall be thereupon had in the pleadings, trial and determination of the cause, as in an action at law prosecuted in the usual manner." This court has decided that under those sections the proceedings are according to the course of common law. *Waters* v. *Randall*, 8 Met. 132. *Jacobs* v. *Jacobs*, 110 Mass. 229. In *Childress* v. *Emory*, 8 Wheat. 642, it is decided that United States courts have jurisdiction of suits by or against executors and administrators, if they are citizens of different states. Although by the Gen. Sts. *c.* 99, § 10, no execution shall be awarded against the executor or administrator for a debt found due, it does not follow that the state court is the only forum in which the cause can be prosecuted. The United States courts have power to conform their proceedings to the special requirements of the laws of the state in which the cause of action exists, when necessary, and will so conform them. U. S. St. 1789, *c.* 20, § 34; 1828, *c.* 68. *Mutual Assurance Society* v. *Watts*, 1 Wheat. 279. *Paine* v. *Wright*, 6 McLean, 395, 398. Our statutes do not require that any notice of the determination of the appeal in the appellate court shall be made to the Probate Court, but provide merely that the final judgment shall be conclusive, and the list of debts allowed by the commissioners shall be altered, if necessary, to conform thereto. Gen. Sts. *c.* 99, § 10.

*M. J. McCafferty*, for the defendant, was not called upon.

GRAY, C. J. We have no doubt or hesitation in affirming the order of the Superior Court refusing the petition for the removal of this case into the Circuit Court of the United States, under the act of Congress of 1867, *c.* 196.

The proceedings in the courts of this Commonwealth were had under the Gen. Sts. *c.* 99, the material provisions of which are as follows : When the estate of a deceased person is represented to be insolvent, the Probate Court appoints commissioners to receive and examine all claims of creditors against the estate, and return a list of the claims laid before them, with the sum allowed on each claim. §§ 2–4. Any person whose claim is disallowed, and any executor or administrator who is dissatisfied with the allowance of any claim, may appeal from the decision of the commis· sioners to the Superior Court or this court, according to the amount of the claim. § 8. In the court appealed to, the supposed creditor is to file a written statement of his claim in the nature of a declaration ; " and like proceedings shall be thereupon had in the pleadings, trial and determination of the cause, as in an action at law prosecuted in the usual manner ; except that no execution shall be awarded against the executor or administrator for a debt found due to the claimant. The final judgment shall be conclusive, and the list of debts allowed by the commissioners shall be altered, if necessary, to conform thereto." § 10. A certificate of such judgment, though not specifically provided for, is of course, as in all cases of appeals, transmitted from the appellate court to the probate court. If the assets prove sufficient, the claims allowed against the estate are to be paid in full ; if not, a dividend thereon is to be declared by the Probate Court, and paid by the executor or administrator. §§ 17, 22, 23.

The whole proceeding is a proceeding for the settlement of an estate, according to the statutes and in the courts of the Commonwealth. The demand of each creditor is a claim against the estate, and not a suit between parties. Although an appeal from the decision of the commissioners thereon is to be tried and determined in the same manner as an action at common law, the judgment is not to be followed by execution, and its utmost effect is to modify the list of claims as returned by the commissioners, and to regulate the settlement of the accounts of the executor or administrator in the Probate Court. In short, the trial of each claim, whether before the commissioners or on appeal, is a mere incident to the settlement of the estate. The very statement of the nature of the proceedings suggests several insuperable objections to allowing the claim of one creditor to be removed into the federal courts for trial and judgment.

1st. The jurisdiction of the state courts over the entire proceedings for the settlement of the estate, having once attached, is exclusive, and, so long as those proceedings are pending, no distinct suit for a similar purpose could be entertained by the courts of the United States. *Williams* v. *Benedict*, 8 How. 107. *Bank of Tennessee* v. *Horn*, 17 How. 157. *Mallett* v. *Dexter*, 1 Curtis, 178. *Clifton* v. *Foster*, 103 Mass. 233.

2d. Nothing less than a whole cause can be removed into the Circuit Court of the United States under the acts of Congress. A part of the cause, or a controversy incidental to the main cause, cannot be so removed. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 70 ; *S. C.* 18 Wall. 553. *Bank* v. *Turnbull*, 16 Wall. 190.

3d. It is only a suit between two parties that can be removed. *West* v. *Aurora City*, 6 Wall. 139, 142. A claim against an insolvent estate is not such a suit. It is not commenced by writ or other process, and on an appeal of a creditor from the decision of the commissioners no notice is required to be served on the executor or administrator or any other person. Gen. Sts. *c.* 99, § 9. *Jacobs* v. *Jacobs*, 110 Mass. 229. It is at least doubtful whether a claim against an insolvent or bankrupt estate is " a suit," in any sense, under the judiciary acts of the United States. *Coit* v. *Robinson*, 19 Wall. 274, 284.

4th. When a case is legally removed into the Circuit Court of the United States, the jurisdiction of the state courts over it ceases, and the suit is thenceforth to proceed to trial, judgment and execution in the federal courts, and cannot afterwards be remanded to the state courts for any purpose. *Kanouse* v. *Martin*, 15 How. 198. *Insurance Co.* v. *Dunn*, 19 Wall. 214. *Mahone* v. *Manchester & Lawrence Railroad*, 111 Mass. 72. Such removal of a case from the state to the federal courts for trial does not change the nature of the issue to be tried, or of the judgment to be rendered. *West* v. *Aurora City*, 6 Wall. 139. *Partridge* v. *Insurance Co.* 15 Wall. 573.

In the present case, if the Circuit Court should assume jurisdiction, and render judgment in favor of the plaintiff, it could issue no execution thereon, without manifest injustice to the rights of other creditors, and an entire departure from the purpose of the trial, which is only to ascertain the amount on which a divi

dend shall be allowed by the Probate Court. Nor could it transmit any certificate of its judgment to the state courts; because it is not an appellate tribunal, but a court of coördinate and independent jurisdiction. The removal of a case from a state court into the Circuit Court of the United States for trial has no analogy to the taking up of a case by writ of error from the highest court of a state to the Supreme Court of the United States. There is therefore no form in which any judgment of the Circuit Court, if rendered, could be legally carried into execution.

5th. The act of Congress only authorizes a removal before final judgment in the court of original jurisdiction in which the suit is brought; and not after an appeal from that judgment to a higher court. *Stevenson* v. *Williams,* 19 Wall. 572. The tribunal which had original jurisdiction of the plaintiff's claim in this case was the board of commissioners appointed by the Probate Court; and according to their decision, if not modified on appeal, the Probate Court would proceed to divide the estate.

*Exceptions overruled.*