BOARD OF COMMISSIONERS OF LAKE WORTH INLET DISTRICT, *Appellant*, v. F. A. GUTELIUS, as Receiver, et al., *Appellees*.

Division B.

Opinion filed March 12, 1930.

*D. L. Southard, W. T. Gibson* and *L'Engle & Shands,* for Appellant;

*Wideman & Wideman,* for Appellees.

BUFORD, J.—This case was heretofore before this Court. See First American Bank & Trust Co. v. Board of Commissioners of Lake Worth Inlet District, 96 Fla. 247, 117 So. R. 900. After the mandate of this Court went down an amended bill of complaint was filed by the Board of Commissioners of Lake Worth Inlet District, the purpose of which was to require the receiver of the bank to approve as a common claim the amount of the deposit of the complainant without deducting from such claim the sum of $257,000.00 which had been received by the complainant from surety companies in settlement of surety bonds guaranteeing the payment by the bank of the deposits of the complainants.

It was contended by the complainant that the question as to whether or not the amount received by the complainant as the proceeds of surety bonds *given by the bank* with named surety companies as surety thereon to protect the deposits of the complainant in such bank should be deducted from the amount of the deposits, and the claim of the depositor only approved for the balance, if any, remaining due, was not determined by the former opinion above cited.

Whether or not the determination of this particular point is made clear in the former opinion is at least open to some question and, therefore, the Court will not now assume the attitude that the appellants are without standing. In the former opinion we declared that this Court would adopt what is known as the bankruptcy rule as the law applicable to proving claims against insolvent estates in this jurisdiction. That rule, in plain language, as we understand it, is that the creditor holding collateral securities constituting a part of the assets of the insolvent estate delivered to him to secure the indebtedness of such estate to him, may convert the securities into cash and file his claim for the balance, or he may hold the securities, give the estate credit for the value thereof, and file his claim for the balance; or he may return the securities to the estate and file his claim for the full amount of the indebtedness. If the creditor holds other obligations to secure the indebtedness of the estate to him and which are given to indemnify him against loss by reason of the failure of the debtor, such as surety bonds, as in this case, the creditor may collect the amount represented by such obligations before presenting his claim for approval by the receiver of the insolvent estate and may then file his claim for the balance due, after giving credit for the amount received. On the other hand, a creditor holding such obligations to secure his account may file his claim against the insolvent estate for the balance which shall not have been paid, either in cash or in the value of securities delivered to him from the assets of the debtor to secure the indebtedness, and after receiving all available dividends may then enforce the payment of obligations such as bonds or other guarantees for so much of the unpaid balance of the debt as may be covered by such obligations.

The value of collateral securities delivered by the debtor

from its assets to secure the creditor or depositor, when retained by the depositor, or cash realized from the sale of such securities, must be credited to the insolvent debtor's account and deducted from the amount of the claim, as must also all cash received from any other source provided for by the debtor as in this case on account of such indebtedness, before the claim of such creditor should be approved by the receiver.

The claim must be for the amount due and unpaid at the time the claim is filed. See Union Planters Bank v. Duncan, 84 Miss. 467, 36 So. R. 690; Sohier v. Loring, 6 Cush. (Mass.) 537; Kellocks case (Eng.), 3 Ch. App. 769; Levy v. Chicago National Bank (Ill.), 42 N. E. R. 129.

For the reasons stated the order of the chancellor is affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.