WILLIAM H. WOOLVERTON *vs.* THE NATIONAL ROCKLAND BANK OF BOSTON, administrator.

Suffolk.    May 6, 1942. — September 9, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Executor and Administrator*, Insolvent estate. *Pledge. Practice, Civil*, Costs, Appeal from decision of commissioners in insolvency.

A creditor holding securities pledged with power of sale by a debtor who subsequently dies insolvent may exercise his power after the death of the debtor if he acts in good faith at a reasonable time and in proper manner; and upon such a sale he is entitled in the insolvency proceeding to prove his claim for the excess of the amount of the debt over the amount realized from such sale, regardless of the value of the securities at the time of the debtor's death.

Securities pledged to a creditor with power of sale and power to purchase at the sale, but also subject to a prior lien to a bank to secure an obligation of the creditor to the bank, were not shown to have been sold by the creditor to himself. under his power by his merely paying his obligation to the bank and thereby redeeming them from the prior lien.

Upon appeal to this court from an order entered by a judge of the Superior Court after hearing as a case stated an appeal under G. L. (Ter. Ed.) c. 198, § 11, from a decision by commissioners in insolvency, a motion in this court for "costs and expenses of this appeal" had no place and must be denied.

APPEAL, filed in the Superior Court under G. L. (Ter. Ed.) c. 198, § 11, on May 16, 1940.

The case was heard by *Beaudreau, J.,* who allowed the appellant's claim in the amount of $4,060.53.

*S. Bradford,* (*W. F. Sullivan, Jr.,* with him,) for the plaintiff.

*S. M. Bolster, A. S. Allen, & M. G. Bolster,* for the defendant, submitted a brief.

QUA, J.   William H. Woolverton presented his claim upon several promissory notes given to him by Nelson Curtis to commissioners appointed by the Probate Court to receive and examine claims against the insolvent estate of Curtis, now deceased.   G. L. (Ter. Ed.) c. 198, § 2. Upon the disallowance in part of the claim by the commissioners, Woolverton appealed to the Superior Court (G. L. [Ter. Ed.] c. 198, § 11), where the claim was tried upon an "Agreed Statement of Facts" in the nature of a case stated.

The question at issue related to the manner of crediting against the amount due to Woolverton on the notes the value of stocks pledged by Curtis to Woolverton as collateral for the largest of the notes and sold by Woolverton after the death of Curtis.   In the Superior Court the trial judge ruled that the collateral should be applied against the notes at its value upon the date of the death of Curtis. Woolverton, the claimant, appeals to this court.   We think that the ruling was error, and that the stocks should be applied against the secured note at the values actually realized for the stocks upon sales made by the claimant after the death of Curtis in accordance with the power of sale contained in the agreement by which the collateral was pledged.

Since *Amory* v. *Francis,* 16 Mass. 308, decided in 1820, it has been settled in this Commonwealth that a secured creditor of a decedent can prove against his insolvent estate for only the balance of the debt remaining after application of the security, unless the creditor is willing to waive the security altogether, in which case he may prove for the entire debt.   *Bristol County Savings Bank* v. *Woodward,* 137 Mass. 412, 413.   *Hale* v. *Leatherbee,* 175 Mass. 547, 549.   *Commissioner of Banks in re Cosmopolitan Trust*

*Co.* 241 Mass. 346, 352. Hence the credit to be allowed for the security must be ascertained before the amount of the claim can be finally established. But it does not follow that the date of the decedent's death must be arbitrarily selected for an appraisal of the security. Since the rights of the creditor in the security are derived by contract with the deceased, and since it is the policy of the law to recognize those rights as it does other contract rights acquired in good faith against persons since deceased, the law should protect the right of the creditor to realize upon the security in any manner provided or permitted by his contract to the extent that this can be done without interference with the statutory scheme of a just and equitable distribution of the insolvent estate among the creditors. If a creditor's contract gives him a power to sell the security in order to apply it against the debt, we see no valid reason why he may not exercise that power after the death of his debtor in the same manner in which he could have exercised it if his debtor had lived. If this were not so all flexibility and opportunity for the exercise of skill and judgment in the management of secured claims for the best interest of all parties concerned would be lost, the value of the security could never be definitely and finally ascertained by the practical test of an actual sale, but must remain in most instances subject to the uncertainties of estimate and opinion, and both the creditor and the estate must profit or lose, contrary to the intent of the original parties to the contract, according to the state of values on one particular day. The creditor holding a real estate mortgage, for example, must submit to having its value determined at a figure that might bear little relation to the sum realized on foreclosure. No authority has been cited for this proposition. There are, however, in several of the cases intimations that the applicable value of the securities may be ascertained by sale after the death of the debtor as well as by a finding of value by the commissioners. There is no intimation that where the value is found by the commissioners it must be fixed as of the date of death. *Amory* v. *Francis,* 16 Mass. 308. *Towle* v. *Bannister,* 16

Pick. 255, 259. *Middlesex Bank* v. *Minot,* 4 Met. 325, 329. *Savage* v. *Winchester,* 15 Gray, 453. *Haverhill Loan & Fund Association* v. *Cronin,* 4 Allen, 141, 144. *Bristol County Savings Bank* v. *Woodward,* 137 Mass. 412, 413. See further *Commissioners of Lake Worth Inlet District* v. *Gutelius,* 99 Fla. 514; *In re Estate of Nelson,* 195 Minn. 144, 151; *In re Isaacs,* 246 Fed. 820; *In re Salmon Weed & Co. Inc.* 53 Fed. (2d) 335, 337.

We do not mean to intimate that a creditor could delay the settlement of the estate by unreasonably delaying a sale of the security in his hands. He must, of course, bring himself within the time limits established by law or allowed by the court for proof of claims, and might be required to submit to a decision by the commissioners if he failed to sell in time. But the period allowed for proof of claims is liberal and may be extended by the court (G. L. [Ter. Ed.] c. 198, §§ 2, 9), and in practice would commonly afford an opportunity for orderly liquidation of the security. In the present case no contention is made that the sales of the stocks were not properly conducted by the claimant in good faith or that anything in the contract of pledge or in the existing circumstances required him to sell at any time or in any manner different from the time and manner in which the sales were actually conducted.

The claimant makes a further contention, still more favorable to himself, that when, at a time before he made the sales hereinbefore mentioned, he redeemed some of the same securities by paying at a bank an indebtedness of his own for which the bank then had a prior lien upon them, he in effect sold those securities to himself, as he had the right to do under his contract of pledge with Curtis, and that he is entitled to have their value credited as of that time. The difficulty with this contention is that the agreed facts do not go far enough to show that the claimant then treated the securities as his own, or that he then intended to sell them to himself under his contract of pledge with Curtis or to do any more than to pay off the prior encumbrance of a debt owed by himself. See *Beacon Trust Co.* v. *Robbins,* 173 Mass. 261, 269–270.

In accordance with the agreement of the parties as to the necessary computations, Woolverton is entitled to establish his claim in the sum of $11,044.14, less dividends received by him upon the stocks to the time of sale, amounting to $2,125, leaving a provable balance of $8,919.14.

The claimant has filed with us a motion asking that this court in its discretion award to him "costs and expenses of this appeal." It is provided by G. L. (Ter. Ed.) c. 198, § 11, that after an appeal to the Superior Court from the decision of the commissioners "the claim shall thereupon be tried and determined in like manner as if an action at law had been brought therefor by the supposed creditor against the executor or administrator." A motion of this kind has no place in an action at law. It is denied.

The order of the Superior Court is reversed, and judgment is to be entered in that court for the claimant Woolverton in the sum of $8,919.14. See *Du Vivier* v. *Hopkins*, 116 Mass. 125.

*So ordered.*