JOHN S. McGILLY, executor, *vs.* DAY TRUST COMPANY.

Suffolk.   December 10, 1959. — February 5, 1960.

Present: SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Pledge. Bills and Notes*, Collateral. *Executor and Administrator*, Pledge by decedent.

Where a bank, holding a note correctly reciting its amount in figures but reciting a smaller amount in words and secured by collateral whose proceeds might be applied by the bank "to the payment of any then existing liability" of the maker "whether then payable or not," sold the collateral after the maker's death and retained from the proceeds the larger amount recited in the note, stating it to be the amount "claimed to be due on the note," the executor of the maker was not entitled to recover from the bank the difference between the two recited amounts on asserted grounds in effect that by reason of such statement of claim by the bank its claim on the note must be taken to have been its only claim for the purpose of its dealing with the proceeds of the collateral, that the note was enforceable for only the smaller amount recited therein, so that the bank overpaid itself by retaining the larger recited amount, and that even though the difference between the two amounts had been due to the bank apart from the note, its claim therefor had become barred by the short statute of limitations.

CONTRACT OR TORT.   Writ in the Superior Court dated August 31, 1956.

The action was heard by *Morton*, J.

*Abraham J. Zimmerman*, for the plaintiff, submitted a brief.

*Herbert P. Wilkins*, for the defendant.

WHITTEMORE, J.   Frank P. McGilly on April 26, 1954, gave to the defendant, Day Trust Company (the bank), a note in payment of a note of January 25, 1954, for $24,000. The January note was marked paid and surrendered to McGilly.   The note of April 26 bore the figures $24,000, but recited in words the promise to pay "Twenty thousand Dollars."   On June 11, 1954, McGilly executed a note to

the bank for $2,000. McGilly died July 6, 1954, and the plaintiff was appointed his executor on September 7, 1954. The bank represented to the plaintiff that there was $24,000 due on a note of April 26, 1954. On or about October 1, 1954, with the plaintiff's approval, the bank sold collateral which McGilly had deposited with it to secure loans and realized $25,930.51. It applied this to the balance due on the June 11 note, and interest, and to "Balance claimed to be due on the note of April 26, 1954, $24,000.00" and interest. The notes of April 26, 1954, and June 11, 1954, provided that the collateral was "for the payment of this and any other liability, direct or indirect, joint or several, of the undersigned, already existing or which may hereafter arise"; and that upon sale of collateral "[a]fter deducting costs and expenses . . . the residue . . . may be applied to the payment of any then existing liability of the undersigned to said holder or holders, whether then payable or not . . . ."

When the plaintiff received from the bank the April 26 note, he learned for the first time of the discrepancy between the words and figures and he brought this action to recover money had and received to the plaintiff's use. The answer set up that "if the plaintiff's testator owed the defendant only $20,000 under the terms of the note . . . he nevertheless owed . . . an additional $4,000 for money had and received . . . ." The case was tried by a judge without a jury, on an agreement to all material facts. G. L. c. 231, § 126.

The judge found for the defendant and the plaintiff thereupon claimed exceptions to the denial of certain requests for rulings which, on this case stated, had no standing. *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 410–411. Two of the requests, however, as the defendant has noted, raised the question whether, on the facts, the plaintiff is entitled to recover, and we decide the case as though the exceptions had been in terms to the general finding, which was in effect an order for judgment.

There was no error. The plaintiff admits that "There is evidence from which the court could find there was $4,000

more due the bank, which the plaintiff could not and did not dispute." The plaintiff contends, however, that only $20,000, with interest, was due on the note, and that as the bank paid itself the $24,000 as the balance claimed to be due on the note "[f]or the purposes of this case the only claim . . . of the defendant was on . . . [the] note" and any other claim is barred by the short statute. We disagree. The rights of the bank in the security were not lost by a mistaken claim under the note and they survived McGilly's death. *Woolverton* v. *National Rockland Bank*, 312 Mass. 200, 202. *MacDonald* v. *Gough*, 326 Mass. 93, 97–98. *Hayes* v. *Gessner*, 315 Mass. 366, 370. Restatement: Agency, 2d, § 139 (1) (d). Furthermore, the bank had a right of reformation of the April note and it could have recovered the $24,000 in the same proceeding. Restatement: Contracts, § 504. Williston, Contracts, § 1547. Wigmore, Evidence (3d ed.) § 2417. See *Citizens Bank* v. *White*, 132 S. C. 295, 302. The bank's right was to apply the proceeds of the security on any liability "whether then payable or not."

*Exceptions overruled.*