Martin, J.
This petition to establish a report is before this appellate division as aresult of the trial judge’s dismissal of the plaintiffs’ draft report.[3] The plaintiffs sought to recover for personal injuries under the under-insured motorist provision of their automobile insurance policy with defendant Defendant alleged failure to pay premiums. Both parties filed motions for summary judgment and presented the court with *20 a case stated. The parties stipulated that the sole issue for the trial judge was whether the defendant insurer was required under the provisions of G.Lc. 175, §113A to maintain the certified mail green return receipt card as proof of mailing or receipt of the notice of cancellation. If not, judgment was to enter for the defendant. The court ruled for the defendant on its motion. Appealing the court’s ruling, the plaintiffs filed a request for a draft report on the issue of whether or not an insurer has the duty to maintain certified mail return receipts to effectuate policy cancellation. The court dismissed the plaintiffs’ request on the following procedural grounds:
(1) Absence of the plaintiffs’ request for rulings of law.
(2) Plaintiffs’ failed to include the phrase “this report contains all the evidence material to the question reported.”
(3) Plaintiffs’ failed to file the request for a report within the procedural time limits.
The absence of requests for rulings of law and thefailure to include the phrase “this report contains all the evidence material to the question reported” in the draft report are not grounds for dismissal of the plaintiffs’ draft report. Requests for rulings of law are not required where there is a case stated. So long as the report contains the stated facts, a reviewing court has the facts necessary to review the trial court’s decision. Quintin Vespa Co., Inc. v. Construction Service Co., 343 Mass. 547, 551, 552 (1962). Simmons v. Cambridge Savings Bank, 346 Mass. 327 (1963). McGilly v. Day Trust Company, 340 Mass. 360, 361 (1959). Caissie v. City of Cambridge, 317 Mass. 346, 347 (1944).
The final ground for dismissal is the plaintiffs’ failure to file the request within the procedural time limit Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c) (1) (i), requests for reports shall be filed with the clerk of the trial court within ten days after entry of judgment. The trial court’s finding was made and entered on April 18,1990 and the draft report timely filed on April 28,1990.
The trial judge was in error. Plaintiffs’ draft repon contains a statement of the necessary facts and the issue of law to be reviewed. The draft report as filed is hereby established as the report of the case.
So ordered.

 The trial judge apparently intended to both dismiss and disallow plaintiffs’ draft report.The terms are used interchangeably in this opinion.